IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HILDA DROS, individually and as Independent Administrator of the Estate of Luis Gonzalez, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> KANE COUNTY SHERIFF, et al., <br><br> Defendants. | No. 23 C 6555 <br><br> Judge Sunil R. Harjani <br> Magistrate Judge M. David Weisman |

## ORDER

For the reasons stated below, the Kane County Defendants' motion to bifurcate for trial the *Monell* claim and to stay *Monell* discovery [101] is denied as to the request to bifurcate trial and denied without prejudice to renewal as to the request to stay *Monell* discovery.

Luis Gonzalez died while a pre-trial detainee at the Kane County Adult Justice Center. Plaintiff's first amended complaint [25] alleges, among other claims, § 1983 claims against the Kane County Sheriff, individual correctional officers, Wexford/Bantry, and Wexford employees for inadequate medical care and deliberate indifference to Gonzalez's serious medical needs. The FAC also alleges a *Monell* claim against Kane County as follows:

> the Defendant, KANE COUNTY, by reason of the aforementioned contract with Defendants, WEXFORD and/or BANTRY, instituted, allowed and/or maintained widespread practices, customs and/or policies of providing medical care and services to its detainees from a provider, Defendants, WEXFORD and/or BANTRY, that Defendant contracted with and knew or should have known would provide medical care and services that displayed and/or amounted to an utter indifference to the health, well-being, and constitutional rights of said patients and detainees, including the Plaintiff's decedent.

(FAC, Dkt. # 25, Count I, ¶ 15.)[1]

---

[1] The District Court denied Kane County's motion to dismiss the *Monell* claim. (6/12/24 Order, Dkt. # 88, at 1) (stating that Plaintiff "just barely" alleged a *Monell* claim against the Sheriff "by asserting that it has a widespread practice, policy or custom of providing inadequate medical care to detainees, that the use of Wexford is part of this practice, and that the inadequate medical care

The Kane County Defendants move to bifurcate for trial the *Monell* claim against the Sheriff's Office from the claims against the individual County defendants. *See* Fed. R. Civ. P. 42(b) (permitting courts to separate claims for trial "[f]or convenience, to avoid prejudice, or to expedite and economize"). As an initial matter, it is not clear that the motion to bifurcate the *Monell* claim for trial is properly within the scope of the referral. To the extent that the motion to bifurcate the *Monell* claim for trial is properly before this Court, the case is not yet set for trial; thus, whether it is appropriate to sever the *Monell* claim for trial is not ripe and is therefore denied.

That does not mean, however, that *Monell* discovery should proceed immediately. *See* Fed. R. Civ. P. 26(c) (giving courts discretion to limit the scope of discovery or specify the time for discovery). The Kane County Defendants' request to stay *Monell* discovery is ripe for resolution in light of their contention that "the bulk of written discovery in this case has been completed," "the parties are currently in the process of conducting discovery related to individual litigant claims," and that in light of the 11/1/24 close of fact discovery, "the next step is to begin conducting Rule 30(b)(6) depositions related to the *Monell* claim against the Sheriff." (Defs.' Mot., Dkt. # 101, at 7.) Plaintiff agrees that she expects shortly to issue Rule 30(b)(6) notices as to topics/issues regarding the *Monell* claims, including but not limited to:

> a. The vetting, research and/or investigation by Kane County regarding the quality, skill, competency and/or ability of the Bantry/Wexford medical providers prior to contracting with said providers for medical services at the Kane County Correctional facility;
>
> b. The vetting, research and/or investigation by Kane County of prior lawsuits, claims, suspensions, investigations and/or penalties against the Bantry/Wexford medical providers prior to contracting with said providers for medical services at the Kane County Correctional facility;
>
> c. The scope, negotiations and process of selecting and confirming Bantry/Wexford medical providers to provide medical services at the Kane County Correctional facility; and
>
> d. The creation, implementation, adoption, combination, modification and/or rejection of policies from and between Kane County Defendants and Wexford/Bantry Defendants during and/or after said contract.

(Pl.'s Resp., Dkt. # 103, at 3-4.) Plaintiff contends that "[o]ther than the actual written contracts and policies between the Defendants, the parties do not yet sufficiently know the amount of

---

practice is evidenced by a court-appointed panel of experts that found inadequate medical care at Kane County and through the thousands of lawsuits against Wexford"). The District Court then denied Kane County's motion to reconsider. (7/11/24 Order, Dkt. # 97.)

discovery and information that will be determined/necessitated from said 30(b)(6) discovery. It is too early in this litigation to determine if the *Monell* discovery in this matter warrants bifurcation due to prejudice, convenience or judicial economy." (*Id.* at 4.) Plaintiff also asserts that staying *Monell* discovery will significantly impact the ability to have meaningful settlement discussions.

The Kane County Defendants' basis for staying discovery, separate and apart from bifurcating trial, is unclear. They contend only that "[b]ecause the *Monell* theory of liability in this case has been so broadly pled, it may require depositions of many high-ranking Sheriff's Office administration officials, as well as testimony from Wexford's high-ranking personnel and non-party individuals who experienced alleged inadequate medical practices at the hands of Wexford's medical personnel, not only at County jail but also other unrelated jail facilities." (Mot. Bifurcate & Stay, Dkt. # 101, at 7-8.) If there is a specific objection here, it is not clear to the Court what it is. While it is true, as the Kane County Defendants note, that *Monell* discovery can add significant time and expense to the discovery process, the current record does not bear this out.

The Kane County Defendants assert that

> Plaintiff will need to introduce evidence of "Wexford's" prior "widespread practices and customs" as well as "thousands of lawsuits" unrelated to this case in order to show that Sheriff knew or should have known of "Wexford's" prior inadequate medical care and utter indifference to inmates' health and constitutional rights. Further, Plaintiff will need to introduce evidence of the same type of policies and customs practiced by "Wexford" at the County jail, and show that Sheriff knew about those practices and failed to correct them. However, other than the one incident at hand, the complaint does not allege any such policies or customs practiced at the jail. The discovery of above-mentioned evidence will inevitably result in a long, extensive, and burdensome discovery which may be avoided if the individual claims are tried first.

*Id.* at 8. But from what the Court can tell, this type of discovery has not been requested by Plaintiff, so staying all *Monell* discovery based on these concerns is premature.

While the *Monell* discovery may become unmanageable if not properly cabined by Plaintiff's counsel, the *Monell* claim does not necessarily require unwieldy and potentially disproportionate discovery needs. *See generally* Fed. R. Civ. P. 26(b)(1). In light of the limited information provided to the Court as to the actual extent of the *Monell* discovery that will be needed in this case, the Court will allow *Monell* discovery to proceed piecemeal. Plaintiff may issue Rule 30(b)(6) deposition notice(s), and unless objected to by the Kane County Defendants, conduct the ensuing depositions(s).[2]

---

[2] From the briefing presented, the Court does not understand that further written discovery regarding the *Monell* claim will be necessary.

The Kane County Defendants' motion to stay *Monell* discovery is denied without prejudice to renewal in the future.

**Date**: August 28, 2024

**M. David Weisman**
**United States Magistrate Judge**